UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DOUGLAS McBRIDE**,

       Plaintiff,

v.

**MICHIGANDERS FOR QUALITY EDUCTION** and **CONNECTIONS EDUCATION, LLC**,

       Defendants.

Case No.
Hon.

---

Adam M. Taub (P78334)
Croson, Taub, & Michaels, PLLC
Attorney for Plaintiff
117 N. First St., Ste 111
Ann Arbor, MI 48104
(734) 519-0872
ataub@ctmlawyers.com

---

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

There is no other pending or resolved civil action arising out of the transactions or occurrences alleged in the Compliant.

Plaintiff Douglas McBride, by and through his attorneys, Croson, Taub, & Michaels, PLLC, hereby alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This is an action for disability discrimination in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., and Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA"), MCL §

37.1101, *et seq.*, and retaliation in violation of MCL § 37.1602.

2. Plaintiff, Douglas McBride, is an individual residing in the City of Livonia, Michigan in Wayne County.

3. Defendant, Michiganders for Quality Education, is a domestic non-profit corporation with a registered business address in Grand Rapids, Michigan.

4. Defendant, Connections Education LLC, is a foreign limited liability company with a registered business address in Plymouth, Michigan.

5. Defendants operate a public school academy called Lighthouse Connections Academy in Troy, Michigan located in the Eastern District of Michigan.

6. Defendant Michiganders for Quality Education oversees the school's operations while Connections Education LLC provides the school's educational program and other services.

7. At all times relevant hereto, Plaintiff performed work for Defendants at the Lighthouse Connections Academy in the Eastern District of Michigan.

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 28 U.S.C. § 1343(a)(4) (jurisdiction over civil rights claims); and 28 U.S.C. § 1332 (diversity jurisdiction).

9. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claims. The pendant claims are part of the same case

or controversy. They do not substantially predominate. They do not raise novel or complex issues. Therefore, exercise of jurisdiction is proper.

10. Venue is proper in this Court because Defendants obligated themselves to Plaintiff within the Eastern District of Michigan, Plaintiff was employed by Defendants within the Eastern District of Michigan, and the actions giving rise to this lawsuit occurred within the Eastern District of Michigan.

11. Defendants are an employer and Plaintiff is an employee within the meaning of the ADA and the PWDCRA.

12. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of his disability.

13. Plaintiff's charge was within 300 days of the commission of the unlawful employment practices alleged in this claim.

14. Plaintiff received his notice of right to sue, and he has filed this complaint within ninety (90) days of receiving his notice of rights.

## STATEMENT OF FACTS

15. Plaintiff began working for Defendants in or about August 2019 as a Science Teacher.

16. Defendants jointly operate a charter school academy, which offers students the ability to learn via live remote instruction conducted over the internet.

3

Students, however, are not required to attend lessons live and are permitted to watch the lessons at their own convenience.

17. As a Science Teacher with Defendants, Plaintiff taught science courses remotely to middle school and high school students.

18. At all times relevant hereto, Plaintiff performed his job diligently and competently and was well-qualified for the positions he held.

19. Plaintiff suffers from Attention Deficit Hyperactivity Disorder ("ADHD") and takes medication to treat the condition.

20. As a result of his disability, Plaintiff has difficulty concentrating, issues with time-management, problems with organization, and other impairments to major life activities like work.

21. Thus, early in Plaintiff's employment with Defendants, he was overwhelmed with organizing all of the policies, procedures, training materials, important links and pathways, and daily tasks of his job.

22. To combat these issues, Plaintiff attempted to perform the essential functions of his job without an accommodation. He printed all of his work, put it in a binder, flagged common tasks, added tasks to his calendar and wrote out his own pathways to accomplish each one. He also started seeing a counselor to help manage the executive functioning part of his job, which included mindfulness exercises to improve these areas.

23. Despite these efforts, Plaintiff continued to struggle with some aspects of his work.

24. On or about November 5, 2019, Plaintiff informed Defendants of his disability and made a formal request for reasonable accommodations to allow him to perform the essential functions of his job.

25. These reasonable accommodations included an electronic alert when meetings were beginning to allow Plaintiff to perform work functions without him losing track of time and missing meetings and a weekly review of his calendar with a supervisor to ensure that he stayed organized and performed all weekly tasks.

26. Defendants required that Plaintiff submit medical documentation supporting the need for accommodations by November 18, 2019.

27. Plaintiff made an appointment with his doctor to allow him to provide medical documentation within the given timeframe.

28. On November 11, 2019, however—before Plaintiff was able to submit the medical documentation, Defendants terminated Plaintiff's employment.

29. Defendants terminated Plaintiff because of his disability and in retaliation for his request for a reasonable accommodation.

30. Defendants claimed that they terminated Plaintiff because of alleged policy violations.

31. But other similarly-situated, non-disabled teachers engaged in the same conduct without consequence.

32. Furthermore, Plaintiff had specifically requested assistance from his supervisor regarding the issues that allegedly led to his termination, and Plaintiff was not provided any support.

33. Thus, this stated reason for termination was mere pretext for discrimination and retaliation.

## COUNT I
## DISCRIMINATION IN VIOLATION OF THE ADA

34. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

35. Plaintiff has a disability as defined by the Americans with Disabilities Act, to-wit:

   a. a mental impairment, which substantially limits one or more of his major life activities, including, but not limited to, his ability to work and engage in the daily activities of life; and/or

   b. a record of such physical impairment.

36. Plaintiff is a qualified individual with a disability as defined by the ADA, to-wit: Plaintiff, with or without reasonable accommodation, is able to perform the essential functions of his employment duties with Defendants.

37. Defendants perceived and/or regarded Plaintiff as having a disability. Plaintiff was therefore regarded as having a disability under 42 U.S.C. § 12102(1)(C).

38. Plaintiff was entitled to and requested a reasonable accommodation (i.e. an electronic meeting alert and a weekly calendar meeting), which Defendants denied without engaging in the interactive process.

39. Plaintiff was well-qualified and able to perform the essential functions of his duties with or without the requested accommodation, but Defendants instead terminated Plaintiff's employment.

40. Defendants discriminated against Plaintiff on account of his real and perceived disabilities in violation of the ADA, 42 U.S.C. § 12112, by and through their agents, servants, and/or employees, by acts including, but not limited to terminating Plaintiff's employment and denying him a reasonable accommodation.

41. Defendants' actions in violation of the ADA were willful.

42. Plaintiff's disabilities were the motivating and/or but for cause of Defendants' actions in violation of the ADA.

43. As a direct and proximate result of Defendants' violation of the ADA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

44. As a further direct and proximate result of Defendants' violation of the ADA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

**COUNT II**
**DISABILITY DISCRIMINATION IN VIOLATION OF**
**THE PWDCRA**

45. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

46. At all times relevant hereto, Plaintiff was an employee and Defendants were an employer as defined by Michigan's Persons with Disabilities Civil Rights Act.

47. Plaintiff has a disability as defined by the PWDCRA, to-wit:

   a. a determinable mental characteristic which may result from congenital condition of birth or functional disorder, to wit: ADHD;

   b. which substantially limit one or more of his major life activities, including, but not limited to: his ability to work and engage in the daily activities of life;

   c. which is unrelated to Plaintiff's ability to perform the duties of his job or position, to-wit: with or without an accommodation, Plaintiff's disability does not prevent him from performing the duties of his job or position; and/or

   d. a record of such determinable physical characteristic.

48. Defendants perceived and/or regarded Plaintiff as having a mental disability. Plaintiff was therefore regarded as having a disability under MCL § 37.1103(d)(ii).

49. Defendants discriminated against Plaintiff on account of his real and perceived disability in violation of PWDCRA, MCL § 37.1102(1), by acts including, but not limited to: failing to provide Plaintiff with reasonable accommodation for his disability and/or terminating Plaintiff.

50. Defendants' actions in violation of the PWDCRA were willful.

51. Plaintiff's disabilities were the motivating and/or but for cause of Defendants' actions in violation of the PWDCRA.

52. As a direct and proximate result of Defendants' violation of the PWDCRA, Plaintiff has suffered depression, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

53. As a further direct and proximate result of Defendants' violation of the PWDCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## COUNT III
## <u>RETALIATION IN VIOLATION OF THE PWDCRA</u>

54. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth at length herein.

55. As stated above, Plaintiff has a disability as defined by Michigan's Persons with Disabilities Civil Rights Act.

56. Defendants perceived and/or regarded Plaintiff as having a mental disability. Plaintiff was therefore regarded as having a disability under MCL § 37.1103(d)(ii).

57. Defendants retaliated against Plaintiff for his request for a reasonable accommodation in violation of the PWDCRA, MCL § 37.1602, by and through their agents, servants, and/or employees, by acts including, but not limited to terminating Plaintiff's employment.

58. Defendants' actions in violation of the PWDCRA were willful.

59. Plaintiff's request for a reasonable accommodation was the motivating and/or but for cause of Defendants' actions in violation of the PWDCRA.

60. As a direct and proximate result of Defendants' violation of the PWDCRA, Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

61.     As a further direct and proximate result of Defendants' violation of the PWDCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, **DOUGLAS McBRIDE**, requests that this Court enter the following relief:

a. Declare the practices and actions of Defendant as unlawful employment practices in violation of the ADA and the PWDCRA;

b. Compensatory damages for monetary and non-monetary loss in whatever amount he is found to be entitled;

c. Exemplary damages in whatever amount he is found to be entitled;

d. Punitive damages in whatever amount he is found to be entitled;

e. A judgment for lost wages and benefits, past and future, in whatever amount he is found to be entitled;

f. An order of this Court reinstating Plaintiff to the position he would have if there had been no wrongdoing by Defendant;

g. An injunction of this Court prohibiting any further acts of discrimination by Defendant;

h. An award of interest, costs and reasonable attorney fees; and

i. Whatever other equitable relief this Court finds appropriate.

          Respectfully Submitted,
          CROSON, TAUB, & MICHAELS, PLLC


          /s/ Adam M. Taub_____
          Adam M. Taub (P78334)
          Attorney for Plaintiff
          117 N. First St., Ste 111
          Ann Arbor, MI 48104
          (734) 519-0872
          ataub@ctmlawyers.com

Dated: December 8, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DOUGLAS McBRIDE**,

        Plaintiff,

v.

**MICHIGANDERS FOR QUALITY EDUCTION** and **CONNECTIONS EDUCATION, LLC**,

        Defendants.

Case No.
Hon.

---

Adam M. Taub (P78334)
Croson, Taub, & Michaels, PLLC
Attorney for Plaintiff
117 N. First St., Ste 111
Ann Arbor, MI 48104
(734) 519-0872
ataub@ctmlawyers.com

---

## DEMAND FOR TRIAL BY JURY

**NOW COMES** Plaintiff, **DOUGLAS McBRIDE**, by and through his attorneys, **CROSON, TAUB, & MICHAELS, PLLC**, and hereby demands a trial by jury, for all issues so triable.

                                                Respectfully Submitted,
                                                CROSON, TAUB, & MICHAELS, PLLC


                                                /s/ Adam M. Taub_____
                                                Adam M. Taub (P78334)
                                                Attorney for Plaintiff
                                                117 N. First St., Ste 111
                                                Ann Arbor, MI 48104
                                                (734) 519-0872
                                                ataub@ctmlawyers.com


Dated: December 8, 2020